**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-30165
Summary Calendar

October 14, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

UNDRE DEVON MCCURDY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-131-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Undre Devon McCurdy was convicted following a conditional guilty plea of being a felon in possession of a firearm and was sentenced to 70 months of imprisonment. McCurdy now appeals the district court's denial of his motion to suppress evidence and statements obtained during an encounter with law enforcement officers at a bus station in Shreveport, Louisiana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30165

In reviewing the denial of a motion to suppress, we employ a two-tiered standard of review, examining the factual findings of the district court for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action de novo. *United States v. Orozco,* 191 F.3d 578, 581 (5th Cir. 1999). The evidence is viewed in the light most favorable to the prevailing party. *Id.*

"[P]olice can initiate contact with a person without having an objective level of suspicion, during which time the police may ask questions of the person, ask for identification, and request permission to search baggage that the individual may have in his possession." *United States v. Williams,* 365 F.3d 399, 404 (5th Cir. 2004). "So long as a reasonable person would feel free to disregard the police and go about his business, . . . the encounter is consensual and no reasonable suspicion is required." *Florida v. Bostick,* 501 U.S. 429, 434 (1991). (internal quotation marks and citation omitted). Police may not, however, "induce cooperation by coercive means." *United States v. Jackson,* 390 F.3d 393, 397 (5th Cir. 2004), *vacated on other grounds,* 544 U.S. 917 (2005); *see also Bostick,* 501 U.S. at 435 (stating that such encounters are consensual "as long as the police do not convey a message that compliance with their requests is required").

McCurdy claims that the district court erred in finding that his encounter with the officers was consensual. He asserts that, in light of heightened transportation security concerns of recent years, law enforcement officers conducted their operations that day in such a way that no reasonable person would have felt free to disregard the officers and terminate the encounter. He insists that, as a result (1) he was unlawfully seized, (2) all seized evidence should be suppressed, and (3) any statements he gave should be suppressed as "fruit of the poisonous tree." *See Wong Sun v. United States,* 371 U.S. 471, 487-88 (1963).

2

No. 11-30165

To the extent McCurdy is maintaining that he was seized when an officer boarded the bus and spoke to the passengers, nothing the officer did or said would suggest to a reasonable person that he was not free to leave the bus or otherwise terminate the encounter. *See Jackson,* 390 F.3d at 395-97; *United States v. Drayton,* 536 U.S. 194, 203-05 (2002). Likewise, McCurdy's encounter with the officers after he exited the bus was consensual, and the officers did nothing that was coercive. *See Williams,* 365 F.3d at 404-05; *Jackson,* 390 F.3d at 398-99. Viewing the facts in the light most favorable to the government as the prevailing party, we conclude that a reasonable person would have felt free to terminate the encounter with the officer. *See Bostick,* 501 U.S. at 434.

McCurdy also contends that any abandonment of the backpack in which a firearm was found resulted from the unlawful actions of the officers, so that any statements he gave should be excluded as the fruit of the poisonous tree. Given our conclusion that there was nothing unlawful or coercive about the actions of the officers, these contentions are unavailing.

AFFIRMED.